# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO GARCIA-CARRASCO, et al.,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DALTILE, et al.,** | : | **No. 25-cv-4223** |
| *Defendants.* | : | |

## <u>MEMORANDUM</u>

**KENNEY, J.**                                                                            **September 19, 2025**

After Defendants Daltile and Mohawk Industries, Inc. removed this case to federal court, Plaintiffs moved to remand (ECF No. 12). For the reasons set forth below, Plaintiffs' Motion (ECF No. 12) will be **GRANTED**.

## I.      <u>DISCUSSION</u>

Plaintiffs move to remand this case to state court because this Court lacks subject matter jurisdiction. *See* ECF No. 12-1 at 1. It is undisputed that this Court does not have federal question jurisdiction over Plaintiffs' claims. And because both Plaintiffs and Defendant Turner are citizens of New Jersey, the Court would normally lack diversity jurisdiction. *See* ECF No. 1 at 2–3. The removing Defendants, however, ask this Court to disregard Defendant Turner's citizenship on the ground that she was fraudulently joined. *See id.* at 3.

The doctrine of fraudulent joinder permits the removal of a case to federal court, despite the presence of a non-diverse defendant, when the non-diverse defendant was joined to defeat subject matter jurisdiction.[1] *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). A defendant has

---

[1] Plaintiffs at times refer to fraudulent *mis*joinder, *see* ECF No. 12 at 6–7, which is a distinct doctrine not applicable here. *See Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 491 n.1 (6th Cir. 2013).

been fraudulently joined when there is either (1) "no reasonable basis in fact or colorable ground supporting" the claims against that defendant or (2) "no real intention in good faith to prosecute the action." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)). The burden is on the removing defendant to demonstrate fraudulent joinder. *In re Briscoe*, 448 F.3d at 217. In this case, Defendants Daltile and Mohawk Industries, Inc. fail to carry that burden.

**A. Reasonable Basis and Colorable Grounds for Claims against Defendant Turner**

Defendants Daltile and Mohawk Industries fail to show that the claims against Defendant Turner lack any reasonable basis or colorable grounds. To meet that standard, a claim must be "so 'wholly insubstantial and frivolous' as to fail to invoke the [court's] subject matter jurisdiction." *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) (per curiam) (citation omitted). For example, where a claim is plainly barred by a doctrine or rule—such as the statute of limitations—that claim is not colorable. *See, e.g.*, *Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009) (discussing cases in which defendants were held to be fraudulently joined because the claims against them were barred by the statute of limitations); *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP*, 415 F. App'x 432, 433 (3d Cir. 2011) (affirming finding of fraudulent joinder where some claims were barred by privilege and others were barred by statute of limitations). But the "mere failure to state a claim does not satisfy this standard." *Hogan*, 536 F. App'x at 210. Rather, "if there is even a possibility that a state court would find that the complaint states a cause of action" against the non-diverse defendant, "the federal court must find that joinder was proper." *Avenatti*, 41 F.4th at 133 (quoting *Batoff*, 977 F.2d at 851–52).

Plaintiffs bring claims against Defendant Turner for negligence and recklessness; negligent and reckless hiring, selection, and retention; corporate negligence; and loss of consortium. *See*

ECF No. 1-2 ¶¶ 64–72, 90–110. At the very least, Plaintiffs' negligence claims against Defendant Turner do not rise to the level of being "so 'wholly insubstantial and frivolous'" as to reflect that Defendant Turner was fraudulently joined. *See Hogan*, 536 F. App'x at 210.

Under Pennsylvania law, which governs the above state-law claims, a negligence claim has four elements: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) there was a causal connection between the defendant's conduct and the plaintiff's injury, and (4) the plaintiff suffered actual losses or damages as a result. *See R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). With these elements in mind, the negligence claims against Defendant Turner are not "wholly insubstantial and frivolous." *See Hogan*, 536 F. App'x at 210. Plaintiffs allege that Defendant Turner was "an employee, agent, ostensible agent, workman, manager, servant and/or independent contractor and/or salesperson of Dal-Tile." ECF No. 1-2 ¶ 8. Plaintiffs also allege that Defendants, including Defendant Turner, concealed defects in the support structure used to secure the stone product at issue in this case by covering it with wrapping, that Defendant Turner "knew or should have known that the [support structure] had failed in prior instances," and that Defendant Turner "knew or should have known that the defects in the [support structure] were concealed with wrapping." *Id.* ¶¶ 45–47. Lastly, Plaintiffs allege that while they were unloading Defendants' stone product, the inadequate support structure caused the stone product to fall on them, causing significant injuries. *See id.* ¶¶ 34–35.

Through these allegations, Plaintiffs have pled that Defendant Turner worked for Daltile, played a role in concealing the defective support structure that led to Plaintiffs' injuries, and knew or should have known of these defects. *See id.* ¶¶ 8, 34–35, 45–47. When determining whether a defendant has been fraudulently joined, it is not for this Court to decide whether these allegations suffice to state a claim. *See Hogan*, 536 F. App'x at 210. Rather, from these allegations, the Court

must find only that there is "a possibility that a state court would find that the complaint states a cause of action" for negligence against Defendant Turner. *See Avenatti*, 41 F.4th at 133 (quoting *Batoff*, 977 F.2d at 851–52). That possibility exists here, given that the Complaint identifies Defendant Turner as a Daltile employee and presents a theory of how she concealed defects in the support structure that caused Plaintiffs' injuries. *See id.* Based on these allegations, the claim is not "wholly insubstantial" or "frivolous." *Hogan*, 536 F. App'x at 210.

Defendants argue that the Complaint alleges primarily Defendant Turner's failure to act and that inaction is insufficient to state a claim for negligence. *See* ECF No. 14 at 18. However, Plaintiffs assert affirmative acts by Defendant Turner, including using wrapping to conceal defects in the support structure at issue. ECF No. 1-2 ¶ 46. Though at times in their Complaint, Plaintiffs collectively refer to the actions of "Defendants," these allegations would plainly encompass Defendant Turner, who is the only individual defendant. And even if Plaintiffs could have pled their claims more artfully, Defendants have not cleared the high bar of showing that there is no "possibility" at all "that a state court would find that the complaint states a cause of action." *See Avenatti*, 41 F.4th at 133 (citation omitted).

Likewise, Defendants point out several details not alleged by the Complaint, such as whether Defendant Turner "was working on the day in question." ECF No. 1 at 8. But nothing establishes that this level of detail is required at the pleadings stage. Here, Plaintiffs allege that Defendant Turner worked as a manager, or in other roles, for Daltile, and that she, along with the corporate Defendants, used wrapping to conceal defects in the support structure that injured Plaintiffs. *See* ECF No. 1-2 ¶¶ 8, 46–47. It is at least possible that those allegations could suffice.

Because Plaintiffs have asserted at least one claim against Defendant Turner that is not frivolous or wholly insubstantial, the Court need not reach the remaining claims against Defendant

Turner. *See Avenatti*, 41 F.4th at 133. In light of the above, the removing Defendants have failed to demonstrate that Plaintiffs' claims against Defendant Turner lack any reasonable basis or colorable grounds.

### B. Intent to Prosecute the Action

The removing Defendants also fail to carry their burden of showing that Plaintiffs lack good-faith intent to prosecute the action against Defendant Turner. That burden is a "heavy" one. *See Batoff*, 977 F.2d at 851 (citations omitted). And to discern a plaintiff's intent, a court may look at "more than just the pleading[s] . . . to identify indicia of fraudulent joinder," though it must be careful not to transform its analysis "into a decision on the merits." *See In re Briscoe*, 448 F.3d at 219 (citations omitted). Ultimately, "all doubts should be resolved in favor of remand." *Batoff*, 977 F.2d at 851 (citations omitted).

Here, Plaintiffs twice attempted to serve Defendant Turner, each time care of Daltile— once at a business address in Philadelphia, *see* ECF No. 1-1 at 2, and later by regular mail, *see* ECF No. 14 at 2–3.[2] Though these attempts have fallen short, the mere fact that service fell short does not necessarily reflect fraudulent joinder. *See Mauricio v. Lifetime Brands, Inc.*, No. CV 24-00911, 2024 WL 4839787, at *4 (D.N.J. Nov. 20, 2024) (removing defendant failed to show the plaintiff lacked intent to prosecute claims where "[a]lthough Plaintiff has failed to serve the

---

[2] Plaintiffs did not properly serve Defendant Turner, given that they served her only "care of" her employer. *See Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966) (holding service at defendant's place of employment was improper); *see also Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) ("[D]elivery on an employer does not constitute proper service on [an] employee who has been sued in his individual capacity."). However, save for instances where defendants have been fraudulently joined, multiple circuits have concluded that the citizenship of unserved defendants counts towards diversity of citizenship. *See In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022) (per curiam); *Howell ex rel. Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 217–18 (7th Cir. 1997); *M&B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023); *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966); *see also Iraola & Cia, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) (assuming, without deciding, this to be the case).

individual Defendants" properly, she had not "ignored [them] altogether" (second alteration in original) (citation omitted)); *Gaynor v. Marriott Hotel Servs., Inc*, No. CIV.A. 13-3607, 2013 WL 4079652, at *6 (E.D. Pa. Aug. 13, 2013) (plaintiff who fell at a hotel showed good-faith intent to pursue claims against hotel manager, even though she attempted to serve the hotel manager by way of the hotel). After all, even unsuccessful attempts at service, depending on the circumstances, may show that a plaintiff is genuinely trying to pursue an action against a defendant. *See Mauricio*, 2024 WL 4839787, at *4.

Furthermore, according to Plaintiffs' counsel, discovery in a related lawsuit has revealed evidence that Defendant Turner made decisions to conceal the defective support structure. *See* ECF No. 12-1 at 3, 8. Plaintiffs also state that Defendant Turner was the manager at the specific store that provided the stone product to Plaintiffs. *See id.* at 8; *cf. Lopez v. Home Depot, Inc.*, No. CIV. A 08-1020, 2008 WL 2856393, at *4 (E.D. Pa. July 22, 2008) (defendants failed to show fraudulent joinder, where the defendant was "a manager at the . . . store where [the] injury occurred"). While these allegations are not pled in the Complaint, for the purposes of assessing Plaintiffs' intent to prosecute the action, the Court may consider them as part of a limited inquiry beyond the pleadings to conclude that Plaintiffs genuinely intend to pursue claims against Defendant Turner. *In re Briscoe*, 448 F.3d at 219–20.

Finally, though Defendants later disclosed Defendant Turner to be a New Jersey citizen, ECF No. 1 at 3, Plaintiffs alleged in the Complaint that Defendant Turner was a citizen of Pennsylvania. *See* ECF No. 1-2 ¶ 8. Had Defendant Turner been a Pennsylvania citizen, as Plaintiffs stated, she would not have destroyed diversity of citizenship. Plaintiffs' own allegations regarding citizenship therefore cast further doubt on the notion that Plaintiffs named Defendant

Turner to defeat federal jurisdiction.[3] Here, given Plaintiffs' representations and attempts at service, Defendants have not satisfied the "heavy" burden of showing Plaintiffs lack any good-faith intent to prosecute the action against Turner. *See Batoff*, 977 F.2d at 851 (citations omitted).[4]

* * *

It could be the case that Plaintiffs' action against Defendant Turner fails at a later stage of litigation. *See id.* at 852 ("[I]t is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted . . . ."). However, at this early juncture, all this Court must decide is whether Defendants carried the heavy burden of showing fraudulent joinder. Resolving "all doubts . . . in favor of remand," *id.* at 851 (citations omitted), as this Court must, Defendants have not met that burden. Accordingly, Plaintiffs' Motion to Remand will be granted.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 12) will be **GRANTED**.

---

[3] At the same time, the fact that Plaintiffs originally alleged Defendant Turner to be a Pennsylvania citizen, by itself, only modestly weighs in favor of remanding the case. Under the forum defendant rule, had Defendant Turner been a Pennsylvania citizen, her status as a defendant could still have thwarted the removal of this case to federal court, even if it did not destroy diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2) (actions that are removable based only on diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Nonetheless, this evidence, when viewed with the other factors discussed above, reflects that Defendants have not met the heavy burden of showing fraudulent joinder.

[4] In challenging Plaintiffs' good-faith intent to sue Defendant Turner, Defendants point out that Plaintiffs previously filed a similar lawsuit in which they did not name Defendant Turner, and which they voluntarily dismissed several weeks after that lawsuit was removed to federal court. *See* ECF No. 1 at 4, 8. However, that case is too attenuated from the instant lawsuit to demonstrate Plaintiffs now sue Defendant Turner in bad faith. Plaintiffs filed the instant Complaint nearly nine months after voluntarily dismissing the prior lawsuit. *See id.* at 4. And when they filed the instant Complaint, they also named another Defendant, Walt H&A Flooring, LLC, whose citizenship does not threaten diversity jurisdiction. Plaintiffs' prior lawsuit is not enough to establish that Defendant Turner was fraudulently joined here and could equally show that Plaintiffs were taking further steps to investigate their claims.

An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

CHAD F. KENNEY, JUDGE